■ In the Matter of PAUL GIACOBBE, Appellant, v ROCKLAND COUNTY CONSERVATIVE PARTY EXECUTIVE COMMITTEE et al., Respondents.—In a proceeding to invalidate resolutions adopted by the Rockland County Conservative Party Executive Committee which (1) removed petitioner as interim chairman of that party and (2) appoint the executive committee as the committee to meet with the Orange County Conservative Party Executive Committee for the purposes of designating a Conservative Party candidate for the 96th Assembly District, petitioner appeals from a judgment of the Supreme Court, dated June 23, 1980 and entered in Rockland County, which dismissed the petition. Judgment modified, on the law, by deleting so much thereof as dismissed the portion of the petition which seeks to invalidate the resolution removing petitioner as interim chairman and substituting therefor a provision granting said branch of the petition and invalidating the resolution removing petitioner. As so modified, judgment affirmed, without costs or disbursements. Section 1 of article 3 of the Rules and Regulations of the Rockland County Committee of the Conservative Party provides for the appointment of an interim chairman by the executive committee until a successor is elected at the next meeting of the county committee. Section 2-116 of the Election Law provides, in pertinent part, that "A member or officer of a party committee may be removed by such committee for disloyalty to the party or corruption in office after notice is given and a hearing upon written charges has been had." No provision is made in the said rules and regulations or in the Election Law for the removal of an officer of the county committee prior to the next meeting of the said committee or upon any grounds other than those set forth in section 2-116 of the Election Law. Therefore, the action of the executive committee in purporting to remove the interim chairman was a nullity. However, with regard to the subsequent action taken by the executive committee, when petitioner vacated the chair and left the room without any adjournment or recess of the meeting, it was proper for the vice-chairman to preside in his absence. Mollen, P. J., Lazer, Gibbons and O'Connor, JJ., concur.